# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------X

Index No.:

LIPA DEUTSCH,

Plaintiff,

-against-

SUMMONS

EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC., EQUIFAX INFORMATION SERVICES LLC.,

Date Index No. Purchased:

Defendants.
-----------------------------------------------------------------------X

To the above-named Defendants:

Experian Information Solutions, Inc
475 Anton Boulevard, Costa Mesa, California 92626

Trans Union, LLC
555 West Adams, Chicago, Illinois 60661

Equifax Information Services, LLC
1550 Peachtree Street NW, Atlanta, Georgia 30309

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in Rockland County. Plaintiff's address which is in Airmont, NY.

Dated this 07th day of April, 2026.

__/s/ Daniel Zemel___
Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106

F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff

Notice: The nature of this action is violation of the Fair Credit Reporting Act.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-----------------------------------------------------------------X
LIPA DEUTSCH,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC., EQUIFAX INFORMATION SERVICES LLC.,

Defendants.
-----------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff, Lipa Deutch (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. Plaintiff bring this action against Defendants for improperly reporting on Plaintiff's credit file, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to NY CPLR §301.

3. Venue is proper in the Supreme Court of the State of New York, Rockland County pursuant to NY CPLR §503(c) because Plaintiff resides in this county and the cause of action arose in this county.

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Airmont, New York.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in New York with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C.

§ 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Defendant, TransUnion, LLC ("TransUnion"), is a business entity that regularly conducts business in New York with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7. Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity that regularly conducts business in New York with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(F) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8. On or about November 2022, Plaintiff's mortgage loan began to be serviced by Shellpoint. Prior to this, Plaintiff had made timely payments to his prior mortgage servicer.

9. For the first sixty days of Shellpoints servicing, Shellpoint did not report Plaintiff's credit status to the credit agencies, because they are not allowed to under their procedures.

10. Plaintiff failed to make payments during those first two months of servicing.

11. In the third month of servicing, January 2023, Plaintiff contacted Shellpoint and advised of financial hardship. During the call, Shellpoint advised Plaintiff that he could enter a forbearance period immediately, and by doing so, he would completely avoid negative credit reporting for the month of January until the end of the forbearance period.

12. The next day, Plaintiff chose to enroll in the forbearance program.

13. Nonetheless, Shellpoint reported Plaintiff as 90 days late in January 2023.

14. On or about August 2023, Plaintiff disputed the information with Equifax, Experian, and TransUnion.

15. Equifax, Experian, and TransUnion failed to conduct a reasonable investigation into Plaintiff's dispute and continued reporting the delinquent status.

16. Plaintiff again disputed the reporting in April 2024, advising Equifax, Experian, and TransUnion that Shellpoint should not be trusted, and they should remove the lates reporting during the forbearance period.

17. Equifax, Experian, and TransUnion disregarded Plaintiff's instruction, and upon information and belief, relied solely on the false information being provided by Shellpoint.

18. Upon information and belief, Equifax, Experian, and TransUnion conducted an investigation solely through the ACDV process, which is inadequate, in and by itself, to properly handle historical forbearance periods.

19. Equifax, Experian, and TransUnion could have easily verified the information by communicating with Plaintiff and/or Shellpoint, outside of the ACDV process, by phone or email and gotten to the bottom of the forbearance issue.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Experian Information Solutions Inc.)

20. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

21. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff that contained the erroneous reporting as that term is used and defined under 15 U.S.C. § 1681a.

22. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). Experian violated this section by relying on known unreliable data furnishers, relying exclusively on the ACDV exchange, and given that the dispute at issue was not well suited to the ACDV format.

23. After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

24. After receiving subsequent disputes from Plaintiff, Experian negligently and willfully failed to notate Plaintiff's account as disputed, or a summary thereof, as required by 15 U.S.C. § 1681i.

25. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has been injured by being unable to obtain a mortgage.

26. Experian's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

27. In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Lipa Deutch, respectfully requests that this Court enter judgment against Experian for actual, statutory and punitive damages, along with attorney's fees and costs.

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(TransUnion LLC)

28. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

29. Defendant TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff that contained the erroneous reporting as that term is used and defined under 15 U.S.C. § 1681a.

30. TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). TransUnion violated this section by relying on known unreliable data furnishers, relying exclusively on the ACDV exchange, and given that the dispute at issue was not well suited to the ACDV format.

31. After receiving Plaintiff's dispute highlighting the errors, TransUnion negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

32. After receiving subsequent disputes from Plaintiff, TransUnion negligently and willfully failed to notate Plaintiff's account as disputed, or a summary thereof, as required by 15 U.S.C. § 1681i.

33. As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has been injured by being unable to obtain a mortgage.

34. TransUnion's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

35. In the alternative, TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Lipa Deutch, respectfully requests that this Court enter judgment against TransUnion for actual, statutory and punitive damages, along with attorney's fees and costs.

**COUNT III**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Equifax Information Services, LLC)

36. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff that contained the erroneous reporting as that term is used and defined under 15 U.S.C. § 1681a.

38. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). Equifax violated this section by relying on known unreliable data furnishers, relying exclusively on the ACDV exchange, and given that the dispute at issue was not well suited to the ACDV format.

39. After receiving Plaintiff's dispute highlighting the errors, Equifax negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

40. After receiving subsequent disputes from Plaintiff, Experian negligently and willfully failed to notate Plaintiff's account as disputed, or a summary thereof, as required by 15 U.S.C. § 1681i.

41. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has been injured by being unable to obtain a mortgage.

42. Equifax's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Lipa Deutch, respectfully requests that this Court enter judgment against Equifax for actual, statutory and punitive damages, along with attorney's fees and costs.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated this 07th day of April, 2026

Respectfully Submitted,

/s/ Daniel Zemel_
Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff